IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT CHARLES BURGESS, JR., #88539-071, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | ) Case No. 19-cv-470−NJR<br>) |
| B. TRUE, | )<br>) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Albert Charles Burgess, Jr., an inmate who is currently housed at the United States Penitentiary located in Marion, Illinois, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 to challenge his sentence in *United States v. Burgess*, No. 09-cr-17-GCM-DLH-1 (W.D.N.C.).[1] In the First Amended Petition,[2] Burgess claims that his sentence was improperly enhanced under the United States Sentencing Guidelines based on one misdemeanor and/or one or more expunged felony convictions. (Doc. 5, pp. 1-15). He seeks resentencing. (*Id*. at p. 8).

This matter is now before the Court for preliminary review of the Section 2241 Petition. Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the

---

[1] In the Section 2241 Petition, Burgess refers to this case as "09-cr-19," but this appears to be a typographical error. (Doc. 5, p. 1). His criminal case number is "09-cr-17."
[2] The First Amended Petition (Doc. 5) consists of the original Petition (Doc. 1) and a Supplement (Doc. 3). On July 1, 2019, Burgess filed a Motion to Amend Petition (Doc. 6), in which he raises additional grounds for relief. Although the Court normally requires strict compliance with Local Rule 15.1, Burgess will not be required to re-file the original, supplement, and motion as a Second Amended Petition. This Order addresses the claims he asserts in all three documents, and thus the Motion to Amend is granted.

1

judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

**Background**

Burgess has an extensive litigation history that includes numerous collateral attacks and federal habeas actions. Pertinent to this habeas action, the Court located the following information:[3] In 2009, Burgess was found guilty of possessing materials involving exploitation of minors and knowingly receiving visual depictions of minors involving sexually explicit content in violation of 18 U.S.C. § 2252(a). *United States v. Burgess*, No. 09-cr-17-GCM-DLH-1 (Docs. 1, 185). In 2010, the United States District Court for the Western District of North Carolina sentenced Burgess to 292 months of imprisonment and ordered him to pay restitution. (*Id.*). On direct appeal, the Fourth Circuit Court of Appeals affirmed the conviction and sentence, but remanded the matter for reconsideration of the restitution award.[4] *United States v. Burgess*, 684 F.3d 445 (4th Cir. 2012). The United States Supreme Court denied certiorari review in 2012. *United States v. Burgess*, 568 U.S. 968 (2012).

The same year, Burgess filed his first collateral attack to challenge his sentence enhancement (among other things) pursuant to 28 U.S.C. § 2255, and the Western District of North Carolina denied the Section 2255 motion three years later, in 2015. *Burgess v. United States*, 2015 WL 847443 (W.D.N.C. Feb. 26, 2015). The Fourth Circuit denied his application for a certificate of appealability and dismissed his appeal.[5] *United States v. Burgess*, 604 F. App'x 268 (4th Cir.

---

[3] To obtain this information, the Court reviewed the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (court may judicially notice public records available on government websites) (collecting cases).
[4] Restitution is not at issue in this habeas action.
[5] During his pending appeal, Burgess also filed numerous post-conviction petitions challenging the validity of his 2009 conviction under 28 U.S.C. § 1651. *See, e.g.,* Case Nos. 16-cv-410-GCM; 16-cv-377-FDW; 15-cv-179-FDW; 15-cv-156-FDW; 15-cv-135-FDW; 14-cv-199-FDW; 14-cv-47-FDW; 13-cv-340-MR.

2

2015). Also in 2015, Burgess filed a federal habeas action pursuant to 28 U.S.C. § 2241 to again challenge his enhanced sentence, and the petition was dismissed. *Burgess v. Hollembaek*, No. 15-hc-2143-D (W.D.N.C. 2015). Without obtaining leave of the court of appeals, he then filed a second Section 2255 motion; the Western District of North Carolina dismissed it for lack of jurisdiction in June 2018. *Burgess v. United States*, No. 18-cv-158-GCM (W.D.N.C. 2018). The instant Section 2241 Petition followed.

## First Amended Petition

In the First Amended Petition (Doc. 5) and/or Motion to Amend Petition (Doc. 6), Burgess contends that his sentence was improperly enhanced based on one misdemeanor and one or more expunged conviction(s). (Doc. 5, p. 6). At the time of sentencing, Burgess had a 1971 misdemeanor, a 1985 felony conviction, and a 1992 felony conviction. (*Id.*). He does not indicate which, if any, of these convictions were used to enhance his sentence. (*Id.*). But Burgess insists they were "banned by the *Booker* decision" and were also not presented to the jury. (*See* Doc. 5, p. 7; Doc. 6, p. 1). His allegedly "inept" trial lawyer was unfamiliar with *Booker* and did not object. (Doc. 6, p. 1). Burgess separately challenges the Western District of North Carolina's finding that his notice of appeal filed in connection with one Section 2255 motion was untimely. (Doc. 5, p. 7). He seeks an order invalidating his sentence and asks this court to "[i]nclude *Strader v. Troy* in deciding this fact." (*Id.* at p. 8).

## Discussion

A federally convicted person must ordinarily attack his conviction or sentence by filing a Section 2255 motion in the court that sentenced him. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). This is generally the "exclusive means" for a federal prisoner to bring a collateral

---

The district court denied them all because the claims were cognizable under Section 2255.

attack. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Section 2255 generally limits a prisoner to a single challenge. Burgess has filed at least two Section 2255 motions.

Only when the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention" can a prisoner challenge a federal conviction or sentence under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255(e); *see also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Section 2255(e) is known as the "savings clause" for this reason. Section 2255 is considered to be inadequate or ineffective when three requirements are met: (1) where a prisoner can demonstrate that he relies on a "statutory-interpretation case" and not a constitutional case; (2) where a prisoner establishes that he relies on a decision that is retroactive on collateral review and could not have been invoked in his first Section 2255 motion; and (3) where the complained-of error was grave enough to constitute a "miscarriage of justice." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d at 586; *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). The savings clause provides Burgess with no avenue to relief.

Section 2255 is not considered "inadequate or ineffective" simply because Burgess was unable to obtain relief in his prior collateral attack(s). He must satisfy the *Davenport* requirements before relief is available under Section 2241. Neither *Booker* nor *Strader* trigger application of the savings clause here.

Burgess correctly points out that he was sentenced after the United States Supreme Court decided *United States v. Booker*, 543 U.S. 220 (2005). At the time of his sentencing in 2010, the United States Sentencing Guidelines were advisory. *Id*. The Seventh Circuit Court of Appeals has held that an error in calculating a sentence under the advisory Guidelines is not a "miscarriage of justice" warranting a collateral attack. *See Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013);

4

supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013); *see also United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum."). Absent any indication that his sentence exceeds the statutory maximum or is unreasonable, Burgess is entitled to no relief under Section 2241.

The decision by the Fourth Circuit Court of Appeals in *Strader v. Troy*, 571 F.3d 1263 (4th Cir. 1978), also entitles Burgess to no relief. *Strader* is a habeas action brought by a North Carolina inmate who challenged his sentence enhancement based on invalid Virginia convictions and sought a parole determination that excluded them from consideration. *Id*. The case predates Burgess's conviction, sentence, appeal, and collateral attacks by more than three decades. *Strader* could have been invoked in his first Section 2255 motion or earlier and does not satisfy the *Davenport* requirements.

Finally, Section 2241 cannot be used as an alternative to a direct appeal. But Burgess relies on Section 2241 here to challenge the Western District of North Carolina's decisions regarding his prior Section 2241 Petition, Section 2255 motions, and/or related notice of appeal. The savings clause is not available for this purpose.

## Disposition

**IT IS HEREBY ORDERED** that the Motion to Amend Petition (Doc. 6) is **GRANTED**, and the First Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 5) is **DISMISSED with prejudice**.

If Burgess wishes to appeal this dismissal, he may file a notice of appeal with this Court

5

within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* must set forth the issues Burgess plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Burgess does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. It is not necessary for Burgess to obtain a certificate of appealability in an appeal from this petition brought under § 2241. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED:** 7/8/2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**