IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ALBERT CHARLES BURGESS, JR., #88539-071, | ) ) ) | |
|---|---|---|
| Petitioner, | ) ) | |
| vs. | ) ) | Case No. 19-cv-470-NJR |
| B. TRUE, | ) ) ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on Petitioner Albert Charles Burgess, Jr.'s Motion to Reconsider. (Doc. 9). Burgess challenges the July 8, 2019, dismissal of his habeas corpus case. (Doc. 7). Burgess's First Amended Petition is found at Doc. 5 and is supplemented with Doc. 6. (*See* Doc. 7, p. 1 n.2). Burgess is serving concurrent sentences of 240 months and 292 months' imprisonment imposed in *United States v. Burgess*, No. 09-cr-17-GCM-DLH-1 (W.D.N.C.).

Technically, a "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. But such motions are routinely filed, and they generally are treated as motions to alter or amend an order or judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and timetables govern Rule 59(e) and Rule 60(b) motions. Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006) (citing *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)). A

Rule 59(e) motion must be filed within 28 days of the challenged order; this strict time limit cannot be extended. *See* FED. R. CIV. P. 6(b)(2); 59(e).

Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(b) motion. However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). A motion under Rule 60(b)(1) asserting mistake, inadvertence, surprise or excusable neglect may be filed within one year after entry of judgment. FED. R. CIV. P. 60(c)(1).

Burgess's motion was filed within 28 days of the order he challenges, therefore, either Rule 59(e) or Rule 60(b) may be applied. Burgess asserts that the Court abused its discretion and "is in violation of the laws of the United States, particularly the *Strader*[1] case," which he believes the Court did not read and failed to follow. (Doc. 9, p. 1). He further claims that the Court has ignored its own procedures in dismissing his claim. As Burgess asserts mistakes of law, the Court construes the motion as having been brought pursuant to Rule 59(e).

---

[1] *Strader v. Troy*, 571 F.2d 1263 (4th Cir. 1978) (state prisoner stated a claim for habeas relief where the state court improperly relied on his previous uncounseled convictions when imposing sentence). (Doc. 5, p. 8).

Burgess argued in his Petition that the trial court improperly enhanced his sentence under the United States Sentencing Guidelines (USSG) by relying on a 1971 misdemeanor conviction and unspecified expunged convictions, thus raising his sentencing range from 41-51 months to 292 months. (Doc. 5, pp. 6-7; Doc. 6, p. 1). According to Burgess, the trial court also based the enhancements on factors from his current charge that were not presented to the jury and were "banned by the *Booker*[2] decision." (Doc. 5, p. 7). He asserts that he never had two prior child sex crime convictions as required for the enhancement under USSG § 4B1.5, because the misdemeanor should not have been counted. (Doc. 5, p. 13).

This Court dismissed Burgess's Petition because neither the *Booker* nor the *Strader* decision meets the narrow criteria of the Section 2255(e) "savings clause" that would permit consideration of a claim for habeas relief under Section 2241. (Doc. 7, pp. 4-5).[3] Both *Booker* and *Strader* were decided well before Burgess was convicted in 2009, thus he could have raised his arguments based on those cases during the trial phase as well as on direct appeal and in a Section 2255 challenge. He therefore cannot establish that his Section 2241 Petition relies on a decision that could not have been invoked in his initial Section 2255 motion. *See In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Chazen v. Marske*, 938 F.3d 851, 861-62 (7th Cir. 2019). This failure alone doomed his habeas claim, no matter what the Fourth District held in *Strader*. Regardless of how many times the Court may read and re-read *Strader*, it does not change the fact that

---

[2] *United States v. Booker*, 543 U.S. 220 (2005).
[3] The other basis for dismissal of Burgess's Petition was the Seventh Circuit's decision in *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of reh'g, 724 F.3d 915 (7th Cir. 2013). (Doc. 7, pp. 4-5). *Hawkins* held that a court's mistake in calculating a post-*Booker* advisory sentencing guideline range does not amount to a "miscarriage of justice" warranting habeas relief, so long as the sentence did not exceed the maximum allowable range set by the statute of conviction. *See also United States v. Coleman*, 763 F.3d 706, 708-09 (7th Cir. 2014) ("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for [Section] 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum."). Burgess's motion to reconsider does not take issue with this conclusion.

Burgess's claim cannot meet the savings clause requirements. Section 2241 does not provide a vehicle to raise a challenge that could have, and should have, been mounted through a Section 2255 motion or on direct appeal.

Burgess's motion does not demonstrate any mistake of law or fact, or present any newly discovered evidence, that would entitle him to an altered or amended judgment under Rule 59(e). Nor has he stated any grounds for relief within the scope of Rule 60(b). Upon review of the record, the Court remains persuaded that its dismissal of the Petition was correct.

**IT IS THEREFORE ORDERED** that the Motion to Reconsider (Doc. 9) is **DENIED**.

Under Rule 59(e), Burgess's filing of his motion (Doc. 9) suspended the deadline for him to appeal the dismissal of this case. Therefore, if he wishes to appeal the dismissal of his Habeas Petition, his notice of appeal must now be filed with this Court within 60 days of the date of *this* Order. FED. R. APP. P. 4(a)(1)(B) and 4(a)(4)(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Burgess plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Burgess does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). It is not necessary for Burgess to obtain a certificate of appealability from this disposition of his Section 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED**.

DATED: 3/13/2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**